JULY 25, 1974

No. 73–1280. WATKINS *v.* SOUTH CAROLINA. Appeal from Sup. Ct. S. C. dismissed for want of substantial federal question. MR. JUSTICE DOUGLAS, being of the view that any state ban on obscenity is prohibited by the First

Amendment, made applicable to the States by the Fourteenth (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (1973) (DOUGLAS, J., dissenting)), would note jurisdiction and reverse the judgment.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL join, dissenting.

Appellant was convicted after a jury trial in the Fourth Judicial Circuit of South Carolina (Darlington County) on charges of feloniously exhibiting an obscene motion picture film in violation of the Code of Laws of South Carolina § 16–414.2 (Supp. 1973), which provides:

> "It shall be unlawful for any person knowingly to send or cause to be sent, or to bring or cause to be brought into South Carolina for sale or distribution, or to prepare, publish, print, exhibit, distribute, or to offer to distribute in the State, or to have in his possession with intent to distribute, or to exhibit or to offer to distribute, any obscene matter."

As used in that section,

> "(a) *'Obscene'* means that to the average person, applying contemporary standards, the predominant appeal of the matter, taken as a whole, is to prurient interest among which is a shameful or morbid interest in nudity, sex or excretion, and which goes substantially beyond customary limits of candor in description or representation of such matters. If it appears from the character of the material or the circumstances of its dissemination that the subject matter is to be distributed to minors under sixteen years of age, predominant appeal shall be judged with reference to such class of minors.
>
> "(b) *'Matter'* means any book, magazine, newspaper or other printed or written material or any pic-

ture, drawing, photograph, motion picture or other pictorial representation or any statute [*sic*] or other figure, or any recording, transcription or mechanical, chemical or electrical reproduction or any other article, equipment, machine or material.

"(c) *'Distribute'* means to transfer possession of, whether with or without consideration.

"(d) The word *'knowingly'* as used herein means having knowledge of the contents of the subject matter or failing after reasonable opportunity to exercise reasonable inspection which would have disclosed the character of such subject matter." S. C. Code Ann. § 16–414.1 (Supp. 1973).

The Supreme Court of South Carolina affirmed, 259 S. C. 185, 191 S. E. 2d 135 (1972). On appeal to this Court, the judgment of the Supreme Court of South Carolina was vacated and the case remanded for reconsideration in light of *Miller* v. *California,* 413 U. S. 15 (1973). 413 U. S. 905. On remand, the Supreme Court of South Carolina again affirmed the conviction. 262 S. C. 178, 203 S. E. 2d 429.

It is my view that "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). Since it is clear that, when tested by that constitutional standard, the word "obscene" in §§ 16–414.1 and 16–414.2 is constitutionally overbroad and therefore facially invalid, I disagree with the holding that the appeal does not present a substantial federal question, and therefore dissent from the Court's dismissal of the appeal.

For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), and because the judgment of the Supreme Court of South Carolina was rendered after *Miller,* I would reverse. In that circumstance, I have no occasion to consider whether the other questions presented plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).

Moreover, on the basis of the Court's own holding in *Jenkins* v. *Georgia, ante,* p. 153, its dismissal is improper. As permitted by Rule 21 (1) of the Rules of this Court, which provides that the record in a case need not be certified to this Court, the appellant did not certify the allegedly obscene materials involved in this case. It is plain, therefore, that the Court, which has not requested the certification of those materials, has failed to discharge its admitted responsibility under *Jenkins* independently to review those materials under the second and third parts of the *Miller* obscenity test. Nor can it be assumed that the court below performed such a review, since that responsibility was not made clear until *Jenkins.* Appellant has thus never been provided the independent judicial review to which the Court held him entitled in *Jenkins.* At a minimum, the Court should vacate the judgment below and remand for such a review.

Finally, it does not appear from the jurisdictional statement and response that the obscenity of the disputed materials was adjudged by applying local community standards. Based on my dissent in *Hamling* v. *United States, ante,* p. 141, I believe that, consistent with the Due Process Clause, appellant must be given an opportunity to have his case decided on, and to introduce evidence relevant to, the legal standard upon which his conviction has ultimately come to depend. Thus, even on its own terms, the Court should vacate the judgment below and remand for a determination whether appellant

should be afforded a new trial under local community standards.